UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT GD JV LLC,

        Plaintiff,        CASE NO. 16-11668
                                  HON. DENISE PAGE HOOD

v.

BRUNSWICK INSURANCE AGENCY, INC.,
PHENIX SERVICES, INC.,
FIRST MOUNTAIN BANCORP.,
GERALD DINKINS SR.,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#43]

### I. BACKGROUND

On May 10, 2016, Plaintiff PAT GD JV LLC ("PAT") filed a Complaint against Defendants Brunswick Insurance Agency, Inc. ("Brunswick") and Phenix Services, Inc. ("Phenix") alleging Breach of Contract (Count I), Unjust Enrichment (Count II), and violation of the Michigan Conversion Statute, MCL § 600.2919a (Count III). (Doc # 1) PAT filed an Amended Complaint on June 13, 2017 and added First Mountain Bancorp. ("First Mountain") and Gerald Dinkins Sr. ("Dinkins") as defendants. (Doc # 16) On May 11, 2017, the Court entered a

Stipulated Order and dismissed Brunswick as a defendant. (Doc # 14) On September 21, 2018, Default Judgment was entered against First Mountain and Dinkins. (Doc # 35; Doc # 36) Phenix is the only remaining defendant in this case.[1]

On May 20, 2019, PAT filed a Motion for Summary Judgment. (Doc # 43) Phenix has not responded to Plaintiff's Motion. This Motion is currently before the Court and a hearing was held on July 31, 2019.[2]

The uncontested facts are as follows.[3] On an unidentified date, PAT entered into a contract with the US Army Corps of Engineers ("USACE")—contract W912ER-14 for Phase Two Solicitation W912ER-13-R-0050, Piers and Dredging, located in Umm Qasr, Iraq. (Doc # 1, Pg ID 3) PAT subsequently contracted with Brunswick in order to obtain surety bonds for a project and transferred $610,000 to Brunswick on May 8, 2014 for two surety bonds. (*Id.*) PAT claims that Brunswick involved Phenix in the bond transactions. (*Id.*).

---

[1] On March 19, 2019, the Court granted James E. Roach's Motion to Withdraw as Counsel for Phenix. (Doc # 41) Following the Court's Order, Phenix was without counsel. The Court stated in its Order that Phenix would have 30 days from the date of the entry of the Order to secure new counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (determining that federal law requires corporations to be represented by counsel). To date, Phenix has not secured new counsel.
[2] Phenix did not appear for this scheduled hearing even though Phenix was given notice to appear before the Court.
[3] These facts are uncontested due to Phenix's response to PAT's Request to Admit. (Doc # 43-1)

Ultimately, the two surety bonds issued by Brunswick through First Mountain were not accepted by the USACE. (*Id.*) As a result, on June 24, 2014, PAT sought a refund of the $610,000 from Brunswick. (*Id.*) On August 24, 2014, Brunswick only refunded PAT $137,250, which allegedly left an outstanding balance of $472,250.[4] (*Id.* at 9.) PAT alleges that despite numerous requests to obtain the remaining $472,250, Defendants, including Phenix, have refused to issue PAT the money it is allegedly owed. (*Id.* at 3.)

PAT requests $472,250 for its Breach of Contract and Unjust Enrichment claims. Consequently, PAT seeks $1,416,750 for Defendants' alleged violation of the Michigan Conversion Statute, MCL § 600.2919a, since plaintiffs who succeed with claims brought forward under the statute are entitled to three times the amount of actual damages. *See* MCL § 600.2919a. PAT requests a total amount of $1,416,750 with applicable costs, interest, and reasonable attorney's fees. As Phenix is the only remaining Defendant, PAT is requesting the total amount of damages from Phenix.

## II. ANALYSIS

### A. Standard of Review

---

[4] Throughout the Complaint, PAT alleges that it is owed $472,250. The Court is unsure if this is a typographical error or if there is an explanation for the unaccounted for $500 based on the amount PAT initially gave to Brunswick and how much PAT claims it was refunded. Nevertheless, the Court will proceed with the understanding that PAT is owed $472,250 based on its request made to the Court.

Rule 56(a) of the Federal Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the court must view admissible evidence in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Plaintiff's Motion for Summary Judgment

Although not expressed by PAT explicitly, PAT implies that it has met its burden for its Motion for Summary Judgment due to Phenix's unresponsiveness, which PAT argues demonstrates that there are no genuine issues of material fact. The Court is inclined to agree with such a proposition. According to the uncontested facts, the Court finds that PAT prevails as to one of the three counts.

#### 1. Breach of Contract

To state a claim for breach of contract in Michigan, a plaintiff must allege: (1) the existence of a valid contract; (2) the terms of the contract; (3) breach of the contract; and (4) an injury caused by the breach. *See Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id.* If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81, 87 (1994). "Express provisions for termination govern a contract and courts cannot create a contractual

liability where the express intent of the parties was to terminate the agreement upon a given condition." *E3A v. Bank of America, N.A.*, No. 13-10277, 2013 WL 1499560, at *2 (E.D. Mich. Apr. 11, 2013).

The Court finds that all four prongs have been satisfied. PAT has demonstrated that there was a valid contract, with terms, between PAT and Brunswick, that also implicated Phenix. The contract was breached because the two surety bonds were not accepted by the USACE. The injury is the financial hardship that PAT continues to face as a result of not being fully compensated by Phenix for the funds that PAT should have been refunded under the terms of the contract. PAT prevails with its breach of contract claim.

### 2. Unjust Enrichment

The elements of a claim for unjust enrichment are: 1) receipt of a benefit by the defendant from the plaintiff and 2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Dumas v. Auto Club Ins. Ass'n,* 437 Mich. 521, 546, 473 N.W.2d 652 (1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Barber v. SMH (US), Inc.,* 202 Mich.App. 366, 375, 509 N.W.2d 791 (1993). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id.*

The Court finds that the two prongs of the unjust enrichment analysis have been met. The benefit received by Phenix is the funds that it obtained by way of the

contract that is at issue. The inequity suffered by PAT was that it was not able to retrieve the funds from Phenix that PAT was owed pursuant to the contract, which was due to Phenix's retention of these funds.

The elements of PAT's unjust enrichment claim have been met, but PAT cannot prevail with this claim. Courts are not permitted to grant relief on the basis of unjust enrichment unless a court *implies* a contract between parties. *Johnson Controls, Inc. v. Jay Indus., Inc.,* 459 F.3d 717, 730 (6th Cir.2006) (affirming district court's conclusion that under Michigan law, an unjust enrichment claim is impermissible when an express contract covering the same subject matter has been found). The existence of the express contract here that addresses the same subject matter that the unjust enrichment claim covers, precludes PAT from recovering damages on its unjust enrichment claim.

### 3. Conversion

While PAT brings forward a conversion claim against Phenix, its claim fails. "Common-law conversion consists of any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Pollard v. J.P. Morgan Chase Bank*, NA, 50 F. Supp. 3d 829, 834-35 (E.D. Mich. 2014) (internal quotations omitted). Statutory conversion under Michigan law consists of "[a]nother person's stealing or embezzling property or converting property to the other person's use." M.C.L. § 600.2919a. Even though PAT might

satisfy the elements of a conversion claim, it cannot prevail with its claim due to the aforementioned contractual issue.

Courts have held that a breach of a contractual obligation cannot support an action in tort (such as statutory conversion and common law conversion)[5] absent the "violation of a legal duty separate and distinct from the contractual obligation." *Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 83 (1997); *see also Sherman v. Sea Ray Boats*, 251 Mich.App. 41, 52 (2002) ("Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established"); *Brewster v. Martin Marietta Alum. Sales, Inc.*, 145 Mich.App. 641, 666-67 (1985) (when a plaintiff's cause of action arises from a breach of contractual obligation, the appropriate claim lies in contract, not in tort, because "[a] relationship did not exist . . . which would give rise to a legal duty without the enforcement of the contract promise itself"); *Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F.Supp.2d 811, 816 (E.D. Mich. 2008); *Spizizen v. Nat'l City Corp.*, 2009 WL 3757085, at *5 (E.D. Mich. 2009). The facts do not indicate, nor does PAT allege, that Phenix owed PAT a legal duty other than the duties owed pursuant to the

---

[5] *See Aroma Wines & Equip., Inc. v. Columbian Distr. Servs., Inc.*, 497 Mich. 337 (2015).

contract. Therefore, PAT will not be permitted to collect damages from Phenix based on PAT's conversion claim.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc # 43) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc # 43) is **GRANTED** as it pertains to Plaintiff's Breach of Contract claim.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc # 43) is **DENIED** as it pertains to Plaintiff's Unjust Enrichment and Conversion claims.

IT IS FURTHER ORDERED that Phenix Services, Inc. is liable to Plaintiff in the amount of $472,250 in damages, in addition to any applicable interest as allowed by law.

DATED: August 22, 2019

s/ Denise Page Hood
DENISE PAGE HOOD
Chief Judge